UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROGER MAYS and NANCY MAYS,<br>    *Plaintiffs*, | )<br>)<br>) |
| *vs.* | )    1:14-cv-01181-JMS-DKL<br>) |
| DAVOL, INC. and C.R. BARD, INC.,<br>    *Defendants*. | )<br>)<br>) |

## **ORDER**

On July 15, 2014, Defendants Davol, Inc. ("Davol") and C.R. Bard, Inc. ("Bard") removed this case to this Court based on diversity jurisdiction. [Filing No. 1.] In the Notice of Removal, Davol and Bard properly set forth the citizenship of Plaintiffs Roger and Nancy Mays (Indiana), Davol (Rhode Island), and Bard (New Jersey). [Filing No. 1 at 2.] Davol and Bard also stated that diversity jurisdiction exists because the amount in controversy is "in excess of $75,000.00, exclusive of interest and costs." [Filing No. 1 at 2-3.]

On August 5, 2014, Plaintiffs filed an Amended Complaint which alleges that this Court has diversity jurisdiction. [Filing No. 8 at 1-2.] Plaintiffs' jurisdictional allegations, however, are defective. First, Plaintiffs allege that they are "residents of…Indiana," [Filing No. 8 at 1], but residency and citizenship are not the same, and it is the latter that matters for purposes of diversity. *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Second, Plaintiffs state simply that the amount in controversy is "in excess of Seventy Five Thousand ($75,000) dollars," [Filing No. 8 at 1], but the amount in controversy must exceed $75,000 "exclusive of interest and costs" in order for the jurisdictional amount to be satisfied. 28 U.S.C. § 1332.

The Court is not being hyper-technical:  Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

Accordingly, the Court **ORDERS** the parties to meet and confer, and conduct whatever investigation necessary, to determine whether this Court has diversity jurisdiction.  If the parties agree that diversity jurisdiction is proper, they shall file a joint jurisdictional statement by **August 15, 2014** setting forth the basis for each of their citizenships and whether they agree that the amount in controversy exceeds $75,000 exclusive of interest and costs.  If the parties cannot agree on their respective citizenships or the amount in controversy, any party who disagrees shall file a separate jurisdictional statement by **August 15, 2014** setting forth its views on those issues.  The joint jurisdictional statement, or the competing jurisdictional statement, shall satisfy Plaintiffs' obligations under Local Rule 81-1.

**Distribution via ECF only to all counsel of record**