UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROGER MAYS AND NANCY MAYS, | ) | |
|     *Plaintiffs*, | ) | |
| | ) | |
|     *vs.* | ) | 1:14-cv-01181-JMS-DKL |
| | ) | |
| DAVOL, INC. AND C.R. BARD, INC., | ) | |
|     *Defendants*. | ) | |

**ORDER TO FILE JOINT JURISDICTIONAL STATEMENT**

On July 15, 2014, Defendants removed this case from state court, alleging that this Court could exercise diversity jurisdiction over this matter. [Filing No. 1.] Plaintiffs subsequently filed an Amended Complaint. [Filing No. 8.] Due to ambiguities in the parties' allegations with respect to whether the amount in controversy was met, the Court ordered the parties to file a joint jurisdictional statement. [Filing No. 9.] On August 14, 2013, the parties file a joint jurisdictional statement, agreeing that the amount in controversy exceeds $75,000, exclusive of interest and costs. [Filing No. 10 at 2.] Plaintiffs filed a Second Amended Complaint on September 11, 2014. [Filing No. 14.] In their Second Amended Complaint, Plaintiffs state that "[u]pon further investigation," their claims are not in excess of $75,000 and thus the amount in controversy is not met. [Filing No. 14 at 2.]

The Court must independently determine whether diversity jurisdiction exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). In light of Plaintiffs' change of position, the Court must ensure that the amount in controversy is met before this case proceeds. Accordingly, consistent with their obligations under Rule 11, Plaintiffs are **ORDERED** to file a statement setting forth the factual basis for their allegation that the amount in controversy is not met by **September 22, 2014**. In doing so, Plaintiffs should be mindful of two things. First, whether

jurisdiction exists or not is determined "at the time of removal." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Second, Plaintiffs' state-court Complaint alleged that Plaintiffs damages "include[e] but [are] not limited to $60,000 in medical bills" and that "Mrs. Mays has lost the love, affection, and services of her husband as a result" of Defendants' conduct, [Filing No. 1-1 at 9], and their Second Amended Complaint also seeks damages in excess of $60,000 for medical bills as well as Mr. Mays' "pain and suffering" and Ms. Mays' loss of Mr. Mays' "services and consortium," [Filing No. 14 at 5].

The Court **STAYS** Defendants' responsive deadline to Plaintiffs' Second Amended Complaint until Plaintiffs have filed the jurisdictional statement required by this Order.

September 15, 2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**